UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTINA ROBBINS, | ) |
| Petitioner | ) ) ) |
| v. | ) Cause No.: 3:11-CV-14 RM ) (arising out of 3:09-CR-107(01) RM) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent | ) |

## OPINION AND ORDER

Christina Robbins has filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. In August 2009 Ms. Robbins pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. Ms. Robbins stated that she stole $291,731.18 from her employer, Abtrex, from 2006 through 2008, by writing Abtrex checks payable to her personal creditors. In November 2009 the court sentenced Ms. Robbins to 60 months' imprisonment and ordered restitution in the amount of $291,713.18.

Ms. Robbins now claims that her conviction must be overturned because, she says, she is actually innocent in light of Skilling v. United States, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010); Black v. United States, 130 S.Ct. 2963, 177 L.Ed.2d 695 (2010); and Weyhrauch v. United States, 130 S.Ct. 2971, 177 L.Ed.2d 705 (2010).

In Skilling v. United States, the Supreme Court discussed the honest services statute, 18 U.S.C. § 1346, and found it to be vague in violation of Due Process. In an effort to preserve the statute, the Court interpreted the statute to criminalize bribes and kickbacks. Skilling v. United States, 130 S. Ct. at 2931; *see also* Black v. United States, 130 S. Ct. at 2968 ("We decided in Skilling that § 1346, properly confined, criminalizes only schemes to defraud that involve bribes or kickbacks. That holding renders the honest-services instructions given in this case incorrect, . . ."); Weyhrauch v. United States, 130 S. Ct. at 2971 (vacating judgment and remanding for consideration in light of Skilling v. United States).

The Skilling decision applies retroactively. New substantive rules, such as decisions that narrow the scope of a criminal statute by interpreting its terms, apply retroactively because they "carry a significant risk that a defendant stands convicted of an act that the law does not make criminal." Schriro v. Summerlin, 542 U.S. 348, 351-352 (2004) (citations and quotations omitted). If the Skilling decision applies to Ms. Robbins, Ms. Robbins would be able to show good cause for never before raising her claim of actual innocence. *See, e.g.*, FED. R. CRIM. P. 12(e).

But the Skilling decision doesn't apply to Ms. Robbins. Ms. Robbins argues that because she merely stole money from her employer, instead of engaging in bribes and kickbacks, she is actually innocent under Skilling. Ms. Robbins pleaded guilty to stealing money from her employer by way of mail fraud; she didn't plead guilty to denying her employer the intangible right to honest services.

2

The "money or property" of 18 U.S.C. § 1341 is tangible and distinct in category from intangible rights, such as the right to honest services found in 18 U.S.C. § 1346. Ms. Robbins mixes apples and oranges: she committed an apple (stealing money or property) where the Skilling Court discussed oranges (denying honest services). *See* Skilling v. United States, 130 S. Ct. at 2926 ("Unlike fraud in which the victim's loss of money or property supplied the defendant's gain, with one the mirror image of the other, the honest-services theory targeted corruption that lacked similar symmetry" (citation omitted).). Whether Ms. Robbins engaged in bribes and kickbacks is beside the point. After Skilling, using the mail to defraud another person of their money or property is still very much a crime in violation of 18 U.S.C. § 1341.

The court summarily DENIES Ms. Robbins' petition [Doc. Nos. 24 & 25] without a government response or a hearing. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.").

SO ORDERED.

ENTERED: January 31, 2011

                                          /s/ Robert L. Miller, Jr.
                                        Judge
                                        United States District Court